IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SALEH SHUWEB, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:19-cv-3019-BN |
| | § | |
| HOME DEPOT U.S.A., INC., | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Defendant Home Depot U.S.A., Inc. has filed a Motion for Leave to File a Motion to Exclude Evidence or in the Alternative Compel Discovery, *see* Dkt. No. 42, along with a Motion to Exclude Evidence or in the Alternative Compel Discovery, *see* Dkt. No. 45. Plaintiff Saleh Shuweb filed a response, *see* Dkt. No. 54, and Home Depot filed a reply, *see* Dkt. No. 55.

Home Depot is requesting the Court exclude photos of the tent door that Shuweb was opening when he fell. In the alternative, Home Depot requests that the Court compel Shuweb to produce the originals of the photos with their meta data.

Based on the parties' briefs, the record, and the law, the motion for leave to file is denied.

**Background**

On February 24, 2020, Home Depot served its First Request for Production. *See* Dkt. No. 42 at 2. Home Depot's Request for Production No. 11 sought: "All photographs, moving pictures, films, videotapes, graphic reproductions, slides,

-1-

models, drawings, graphs, charts and audio recordings that are connected with or related in any way to this lawsuit or the Incident." *Id.* Home Depot also included the following instructions for producing "Computer Based Information":

> In those instances where the information is stored only on software or other data compilations, the responding party should either produce the raw data along with all codes and programs for translating it into usable form or produce the information in a finished usable form, which would include all necessary glossaries, keys and indices for interpretation of the material. Whenever Defendant requests production of any documents or data responsive to these requests that are in electronic or magnetic form, Defendant requests that the data be produced as .TIFF images and text files with load files, and all meta data intact. Any excel files that are responsive to these requests should also be produced in native format.

*Id.* at 3.

On April 3, 2020, Shuweb filed his response. Shuweb answered Home Depot's RFP 11 with "None at this time." *Id.* Despite his written answer, Shuweb provided five photos of the tent door that Shuweb was allegedly opening when he fell. *See id.* The photos were not in their original format and did not contain any meta data. *See id.*

Shuweb testified during his September 16, 2020 deposition that the photos he produced were taken by his friend, Howard Ballou. *See* Dkt. No. 44 at 25-27. But, on February 4, 2021, Ballou testified that he did not take the photos. *See id.* at 33. Four days after Ballou's deposition, Home Depot sent an email to Shuweb requesting information about when, where, and who took the photos. *See* Dkt. No. 42 at 2-3. On March 16, 2021, Home Depot sent another message to Shuweb seeking the original

-2-

photos and their meta data. *Id.*

Meanwhile, on January 29, 2021, Home Depot filed a motion for summary judgement. *See* Dkt. No. 28. And on February 26, 2021, discovery closed. *See* Dkt. No. 42 at 3.

Home Depot filed for leave to file its motion on March 25, 2021. At that time, the trial was set for May 31, 2021.

**Legal Standards and Analysis**

After review, the Court concludes that leave to file the motion to compel must be denied.

First, the motion to compel is untimely. "Neither the Local Rules of this district nor Rule 37 of the Federal Rules of Civil Procedure, which governs motion to compel discovery, provide a deadline for the filing of [motions to compel discovery]." *Garcia v. City of Amarillo, Texas*, No. 2:18-cv-95-Z-BR, 2019 WL 11250160, at *2 (N.D. Tex. Sept. 26, 2019) (citing FED. R. CIV. P. 37). But, under Federal Rule of Civil Procedure 16(b), courts can issue scheduling orders limiting the time for, among other things, completing discovery. *See id.* Here, at the parties' request, the Court issued an amended scheduling order and set the discovery deadline on February 26, 2021 – a month before Home Depot filed its present request. *See* Dkt. No. 24.

When "determining whether a motion to compel filed after the discovery deadline is untimely … or should be permitted," courts consider "a number of factors … including (1) the length of time since the expiration of the deadline, (2) the length of time that the moving party has known about the discovery, (3) whether the

discovery deadline has been extended, (4) the explanation for the tardiness or delay, (5) whether dispositive motions have been scheduled or filed, (7) the age of the case, (8) any prejudice to the party from whom late discovery was sought, and (9) disruption of the court's schedule." *Days Inn Worldwide, Inc. v. Sonia Invs.*, 237 F.R.D. 395, 398 (N.D. Tex. 2006).

Here, almost every factor weighs against finding Home Depot's motion to compel timely. Home Depot filed the motion a month after the discovery deadline, despite knowing for almost a year that the photos lacked meta data. *See id.* at 399 (denying motion to compel filed two weeks after discovery deadline and nine and a half months after documents were produced). The discovery deadline was already extended by six months at the request of the parties. And Home Depot filed its motion to compel after its motion for summary judgment was fully briefed, *see Gault v. Nabisco Biscuit Co.*, 184 F.R.D. 620, 622 (D. Nev. 1999) ("Absent unusual circumstances, [a motion to compel] should be filed before the scheduled date for dispositive motions."), and just two months before the trial was set to begin, *see Buttler v. Benson*, 193 F.R.D. 664, 665-66 (D. Colo. 2000) (denying motion to compel filed three months before trial).

Home Depot's explanation for why it filed its motion after the deadline does not overcome those factors. Home Depot contends that the question of who took the photos first became an issue on February 4, 2021, when Ballou – who Shuweb had identified as the person who took the photos – testified that he did not take any photos of the tent. *See* Dkt. No. 42 at 2. Home Depot asserts that it then requested Shuweb

-4-

produce the original photos with the meta data on February 8, 2021, and again on March 16, 2021, but Shuweb failed to respond. *See id.* at 2-3. But this does not explain Home Depot's almost year-long delay. Had Home Depot immediately moved to compel after receiving the photos, it could have learned the information it now seeks before the depositions of Shuweb and Ballou, giving it an opportunity to ask questions about the origin of the photos well before the discovery deadline and trial. "[I]f the conduct of a respondent to discovery necessitates a motion to compel, the requester of the discovery must protect himself by timely proceeding with the motion to compel. If he fails to do so, he acts at his own peril." *Wells v. Sears Roebuck and Co.,* 203 F.R.D. 240, 241 (S.D. Miss. 2001).

Second, Shuweb has now provided the information Home Depot seeks to compel. Shuweb asserts that, after Home Depot requested the original photos on March 16, 2021, he immediately sent the original .jpg files to Home Depot. *See* Dkt. No. 54 at 1-2. Home Depot does not explain why the photos provided on March 16, 2021 are not sufficient. And in his response to the motion to compel, Shuweb also attached a declaration by Ballou stating that Ballou misspoke during his deposition and that he did, in fact, take the photos in question. *See id.* Ex. 1.

In sum, the "Court finds no basis for permitting [Home Depot]'s untimely motion." *Days Inn,* 237 F.R.D. at 399.

## Conclusion

For the reasons stated, Home Depot's Motion for Leave to File its Motion to Exclude Evidence or Compel Discovery [Dkt. No. 42] is DENIED. Home Depot's

Motion to Exclude Evidence or Compel Discovery [Dkt. No. 45] is therefore DENIED as moot.

SO ORDERED.

DATED: April 27, 2021

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE